37 C.C.P.A. (Patents)
## Application of MORAN.
### Patent Appeal No. 5685.

United States Court of Customs
and Patent Appeals.

Argued March 10, 1950.

Decided April 3, 1950.

John P. Chandler, New York City, for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel) for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Judges.

JACKSON, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Primary Examiner, finally rejecting all of the claims 1 to 11, inclusive and 15, of a patent application "For Container and Method of Forming Same," as being unpatentable over the following prior art: Birnie et al., 695,273, March 11, 1902; Daller, 2,072,421, March 2, 1937; Berch, 2,337,730, December 28, 1943.

Claims 1 and 5 are considered representative of the subject matter of the involved claims and read as follows:

"1. A container of generally rectangular shape comprising an outer unit formed of relatively rigid, shape-retaining material, and a liner unit of relatively thin, flexible, moisture-resistant material adhesively joined over its entire side and bottom walls to the inner surface of the outer unit,

"5. A container comprising an outer section, and a liner element, the liner element being formed from relatively thin, flexible, moisture-resistant material adhesively joined over its outer surface to the entire inner surface of the side and bottom walls of the outer section."

As may be observed from a reading of the quoted claims, the application relates to containers of a laminated construction. They comprise an outer shell of preformed cardboard, light in weight and rather rigid, and an inner or liner unit similarly preformed of relatively thin, flexible sheet material, such as regenerated cellulose, plastic film or metal foil. Both units are formed from flat sheets of the respective materials so shaped that when assembled the seams of the liner are out of alignment with those of the outer casing. After the shapes have been formed, the liner shape is inserted into the outer shape and over-all adhesively sealed to the side and bottom walls. Portions of the liner are adhesively joined to parts of the top or closure flap. The container is said to be fluid tight, although not exclusively designed for the packaging of fluid substances.

The Birnie et al. patent relates to boxes or containers of cardboard or like material. One of its objects is the provision for a box, the outside of which consists of relatively heavy laminated cardboard with end flaps, and having an inner lining of a continuous sheet of nonabsorbent materials, such as wax-paper or paper treated with paraffin. The nonabsorbent material is adhesively sealed to the cardboard by means of many separated parallel adhesive strips which render it removably adherent to both the body portion and the flaps. The container is laminated and does not consist of individually preformed outer and inner shells.

The Daller patent relates to a method and apparatus for forming packages. It

discloses an inner bag placed within an outer cardboard box structure, each of which members is preformed from a flat blank, the blanks of the inner bag and the outer unit being of unlike shape. The seams of the inner and outer containers are out of alignment, and the liner is not adhesively sealed to the outer shell.

The Berch patent particularly relates to a package for milk and other fluid products. It discloses an outer semi-rigid carton which may be made of lightweight waterproof cardboard, in which is placed a collapsible vacuum-tight package or liner of thin, liquid-proof material. The liner is adhesively sealed to the outer shell at its ends only, and both the outer and inner units are formed from flat blanks of the respective materials and so shaped that the seams of the liner are not in alignment with those of the outer carton.

All of the claims were finally rejected by the examiner as unpatentable over the Berch patent in view of the patent to Birnie et al., and also over the patent to Daller in view of the Birnie et al. patent.

In rejecting the claims as unpatentable over the Berch patent in view of the Birnie et al. patent, the examiner pointed out that the liner of the device disclosed in the former patent is secured only at the ends, but that complete adhesion between the inner and outer units thereof—as called for by the involved application—would not involve invention because of the suggestion in the Birnie et al. patent. Even though the liner of the Birnie et al. device is joined to the outer shell by separate strips of adhesive material, it is clear that such adhesion is of a substantial character and in effect—as far as adhesion is concerned—the equivalent of the over-all adhesion disclosed by appellant. With respect to holes, cracks or seepage in either of the units of appellant's device being sealed because of their over-all coating of adhesive, the examiner pointed out that the use of a heavy adhesive coating would successfully accomplish that result and would be nothing more than would be expected from the use of an excess of adhesive to fill the voids.

The examiner considered that the device of appellant, with respect to the carton and package structure, was shown in the Daller patent because in that patent the liner is a completely preformed inner package container and the outer box structure likewise preformed, and both of which are made from blanks of material unlike in shape. The joining of the inner and outer members adhesively over all their contacting surfaces, as disclosed in the involved application, was merely to produce obvious and expected results, as suggested in the device of the Birnie et al. patent.

The Board of Appeals affirmed the action of the Primary Examiner in all particulars.

It is clear that the devices of the Berch and the Daller patents disclose separately preformed outer and inner container units made from material blanks of different shapes, so that the respective seams of the units are out of alignment. The Berch patent further shows the attachment of the inner and outer unit at its ends. The device of the Birnie et al. patent, comprising many parallel adhesive strips connecting the lining and carton body, in our opinion, clearly suggests that if so desired, the liner, without the exercise of invention, could be fastened to the outer shell exactly as disclosed by appellant. The connection between the two shells claimed by appellant, in our opinion, is merely an extension of the adhesion shown in the device of the Birnie et al. patent, and obviously would be apparent to one skilled in the art. It is also obvious that any leaking defects that may be apparent in any liquid container can be sealed by employing an overall adhesive layer, such as is shown by appellant, and no "Wicking action" (capillary attraction through the seams, permitting liquid to seep through) can be present where the seams of the units are out of alignment.

The decision of the Board of Appeals is affirmed.

Affirmed.